IN THE UNITED STATES DISTRICT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RONNIE JOE WHITE,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **CIVIL ACTION 05-0197-WS-D** |
| ) | |
| **WARDEN A. HOLT,** ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION**

Ronnie Joe White, a state prisoner currently in the custody of respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc.1) Petitioner challenges the validity of his 1999 conviction and sentence in the Circuit Court of Baldwin County, Alabama for the offenses of sexual abuse pursuant to Ala. Code § 13A-6-66 (1975).

This action has been referred to the undersigned Magistrate Judge for entry of a report and recommendation as to the appropriate disposition of the issues in the petition. See 28 U.S.C. § 636(b)(1)(B), 28 U.S.C. § 2254, Rule 8(b)(1) and Local Rule 72.2(c)(4). This matter presently is before the Court on petitioner's petition and respondent's answer.

I.      Procedural History

On or about September 23, 1999 petitioner was convicted in the Circuit Court of Baldwin County, Alabama on four (4) counts of sexual abuse pursuant to Ala. Code § 13A-6-66 (1975).

1

(Doc. 1 ) Thereafter, petitioner was sentenced to a term of ten (10) years imprisonment on the first three counts, with the sentences to run concurrently and was sentenced to a term of imprisonment of ten (10) years on the fourth count, ordered to run consecutively with the other three sentences. (Doc. 1)

Petitioner appealed his conviction and sentence to the Alabama Court of Criminal Appeals. (Doc. 1) On December 1, 1999 the Alabama Court of Criminal Appeals denied petitioner's appeal as untimely filed and issued a Certificate of Dismissal. (Doc. 7, Exhibit A) [1]

On April 5, 2000 petitioner executed a Rule 32 petition along with a motion to proceed *in forma pauperis*. (Doc. 7, Exhibit B, pp. 6-29) [2] On June 13, 2000, the trial court entered an order denying petitioner's motion to proceed *in forma pauperis* and directing the petitioner to remit the filing fee within thirty (30) days. (Doc. 7, Exhibit B, p. 1) Petitioner failed to pay the fee and instead filed a written Notice of Appeal with the Alabama Court of Criminal Appeals on June 16, 2000. (Doc. 7, Exhibit B, pp. 30-31) On July 13, 2000 based on the trial court's earlier order, the court dismissed petitioner's Rule 32 petition "by operation of law." (Doc. 7, Exhibit B, p. 1, 31) On August 25, 2000 the Alabama Court of Criminal Appeals affirmed the trial court's dismissal of the Rule 32 petition, noting:

> The above referenced cause is before this Court on the appellant's appeal from the trial court's dismissal of his post-conviction petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure. The Baldwin County Circuit Clerk's office has advised that, although the trial court denied the petitioner's in forma pauperis declaration, the

---

[1] In his petition for writ of habeas corpus, petitioner identifies the date of judgment by the Court of Criminal Appeals as December 7, 2000. (Doc. 1) However, in his Rule 32 petition for post judgment relief, he identifies the date as December 1, 1999, which is the date reflected on the Alabama Court of Appeals order dismissing petitioner's appeal as untimely. (Doc. 7, Exhibits A & B)

[2] The petition bears a file stamped date of April 17, 2000.

> petitioner never paid a filing fee before the trial court entered its order dismissing the petition.
>
> This Court held in <u>Goldsmith v. State,</u> 709 So. 2d 1352 (Ala. Cr. App. 1997), that, absent the payment of a filing fee or an approved in forma pauperis declaration, a trial court does not acquire subject matter jurisdiction and, consequently, any action taken by a trial court to dispose of a petition under such circumstances is a nullity.
>
> Upon consideration of the above, and because there is no valid judgment from which the appellant may appeal, the Court of Criminal Appeals ORDERS that this appeal be and the same is hereby DISMISSED.

(Doc. 7, Exhibit C)

Approximately <u>two years later</u>, on September 24, 2002, petitioner filed a Petition for Writ of Mandamus with the Alabama Court of Criminal Appeals. (Doc. 7, Exhibit D) The petition was dismissed on October 9, 2002. (<u>Id.</u>) Petitioner then filed an application for rehearing on October 18, 2002 which was subsequently denied on October 23, 2002. (<u>Id.</u>) [3] Shortly thereafter, on October 30, 2002, petitioner filed a Petition for Writ of Mandamus in the Alabama Supreme Court. (Doc. 7, Exhibit E) On January 27, 2003 the Court entered an Order granting the writ and ordering the state to file a response. (Doc. 7, Exhibit F) However, on February 27, 2004 the writ was quashed and the Court entered a Certificate of Judgment. (Doc. 7, Exhibit G)

Petitioner filed the instant petition for habeas corpus on March 30, 2005, alleging, generally, that he was denied effective assistance of counsel and that his federal constitutional rights were violated. (Doc. 1) However, petitioner does not elaborate on these claims.

---

[3] The entry of dismissal of the writ and denial of the application for rehearing are noted by signature of Justice H.W. McMillan on the bottom of petitioner's brief. (Doc. 7, Exhibit D)

Respondent filed an answer on May 25, 2005 setting forth, *inter alia*, that petitioner's habeas corpus petition is barred by the one-year statute of limitations pursuant to 28 U.S.C. § 2244(d)(1).  (Doc. 7)  On June 30, 2005, after reviewing the pleadings, the undersigned ordered petitioner to respond on or before July 30, 2005 to respondent's answer and to show cause, (i.e., extraordinary circumstances), why this case should not be dismissed for failure to comply with the statute of limitations requirement as set forth in 28 U.S.C. § 2244(d)(1).  (Doc. 10)

Notwithstanding the Court's directive, to date petitioner has failed to respond in any manner and the order has not been returned to the court as undeliverable for any reason.

II.     Discussion

Respondent contends that petitioner's habeas corpus petition is due to be dismissed as it was not filed within one year of the date petitioner's conviction became final as required under the Anti-Terrorism and Effective Death Penalty Act of 1996, § 101(Supp. II 1997) (Doc. 7)  The Anti-Terrorism and Effective Death Penalty Act of 1996, § 101(Supp. II 1997) ("AEDPA"), which became effective on April 24, 1996, provides that a petitioner has one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" to file a federal habeas corpus petition.  28 U.S.C.§ 2244(d)(1)(A).  Petitioner did not appeal the ruling of the Court of Criminal Appeals dismissing his appeal as untimely to the Alabama Supreme Court.  Therefore, pursuant to Rule 41(g) of the Alabama Rules of Appellate Procedure, petitioner's appeal became final on December 19, 1999. [4]  Thus, for purposes of application of the AEDPA's

---

[4] Rule 39 of the Alabama Rules of Appellate Procedure provides that "[t]he petition for the writ of certiorari shall be filed with the clerk of the Supreme Court pursuant to Rule 25(a) within 14

4

statute of limitations, petitioner's conviction and sentence became "final," and the one year statute of limitations did not begin to run until December 19, 1999.  Therefore, petitioner had a total of one year (365 days) or until December 19, 2000 in which to file his federal habeas corpus petition.

Petitioner did not file the instant habeas petition until March 27, 2005, over five years <u>after</u> his conviction and sentence became final.  (Doc. 1)  However, pursuant to the statute, the one year limitations period may be tolled if petitioner timely filed a Rule 32 petition since "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C.  § 2244(d)(2).  [5]

Petitioner filed a Rule 32 petition on April 5, 2000.  (Doc. 7, Exhibit B, pp. 6-29)  At the time the Rule 32 petition was filed, 107 days had lapsed since petitioner's direct appeal had become final. [6] The undersigned assumes, without finding, that the statute of limitations was tolled from the filing of the

---

days (2 weeks) of the decision of the Court of Criminal Appeals on the application for rehearing...." Ala. R. App. P. 39(c).  Further, Rule 41 of the Alabama Rules of Appellate Procedure, provides that "[t]he certificate of judgment of the court shall issue 18 days after the entry of judgment unless the time is shortened or enlarged by order."  Ala. R. App. P. 41(a)

[5]  At this point petitioner had 258 days remaining on the one year federal statute of limitations.

[6]   Respondent argues that the Rule 32 petition did not toll the statute of limitations because it was not properly filed.  <u>See</u>  <u>Hurley v. Moore</u>, 233 F.3d 1295, 1297- 98 (11th Cir.2000) ("Where the petition is not 'properly filed' there is no tolling of the one year limitations period."); <u>Sibley v. Culliver</u>, 377 F.3d 1196 (11th Cir.2004) <u>quoting</u> <u>Christian v. Baskerville</u>, 232 F.Supp.2d 605, 607 (E.D.Va.2001) ("[J]ust because [an] application is pending, does not mean that it was properly filed. For example, if an application is erroneously accepted by the clerk without the requisite filing fee, it will be pending, but not properly filed.") The court does not address the respondent's argument that the Rule 32 petition was not "properly filed" within the context of 28 U.S.C. §2244(d)(2), however, since the court has concluded *infra* that the petition is time barred, even assuming the statute of limitations was tolled.

5

Rule 32 on April 5, 2000 until the Court of Criminal Appeals dismissed petitioner's appeal on August 25, 2000. Accordingly, the statute of limitations resumed running on September 8, 2000. [7] Thus, petitioner had 258 days, or until May 24, 2001 in which to timely file his petition for writ of habeas corpus in this court. However, petitioner did not file his petition until March 27, 2005, nearly four years *after* the statute of limitations had expired. [8]

While it is clear that petitioner's habeas petition was untimely filed, before recommending dismissal, the undersigned must ascertain whether petitioner has pled extraordinary circumstances which would justify equitable tolling of the limitations period. The Eleventh Circuit has stated that:

> Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269[, 1271 (11th Cir. 1999)]. Equitable tolling is an extraordinary remedy which is typically applied sparingly. See Irwin v. Dept. Of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). See also Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3rd Cir. 1998)("equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'... [g]enerally, this will occur when the petitioner has 'in some extraordinary way...been prevented from asserting his or her rights.'...[t]he petitioner must show that he or she 'exercised reasonable diligence in investigating and

---

[7] The undersigned has included in its calculation the fourteen days in which petitioner could have appealed the dismissal to the Alabama Supreme Court. See Ala.R. App. P. 39 (" The petition for the writ of certiorari shall be filed with the clerk of the Supreme Court pursuant to Rule 25(a), within 14 days (2 weeks) of the decision of the Court of Criminal Appeals on the application for rehearing....)

[8] The two extraordinary writs filed by petitioner in 2002 did not toll the statute of limitations as it had already expired at that time.

bringing [the] claims.'... [m]ere excusable neglect is not sufficient."). Moreover, in the Eleventh Circuit, as a general rule, "the 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the federal habeas petition, rather than the circumstances surrounding the underlying conviction." Helton v. Secretary of Dept. of Corrections, 259 F.3d 1310, 1314 (11th Cir.), cert. denied, 535 U.S. 1080, 122 S.Ct. 1965 (2002); Drew v. Department of Corrections, 297 F.3d 1278, 1286-87 (11th Cir. 2002). Recently, the Eleventh Circuit has indicated that a showing of "actual innocence" may also be a recognized exception to the AEDPA's one year statute of limitations. U.S. v. Montano, 398 F.3d 1276, 1284 (11th Cir. 2005) ("Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by Appellant's failure to timely file his §2255 motion.") [9]

By order dated June 30, 2005, petitioner was given thirty (30) days in which to respond and show cause why his petition should not be dismissed as untimely. (Doc. 10) Petitioner has failed to respond to the court's order on or before July 30, 2005 and has failed to provide the court with any

---

[9] The Court opined, in pertinent part,:

> [A] defendant can also overcome the procedural bar created by the failure to appeal if he could show a fundamental miscarriage of justice; 'in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.'

Id. at 1120 (quoting Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994) Accordingly, assuming the Eleventh Circuit would recognize the "actual innocence" exception as applied to the AEDPA statute of limitations, petitioner must present reliable evidence not previously presented at trial showing that no reasonable juror would have adjudged him guilty beyond a reasonable doubt.

reasons why he failed to timely file his habeas petition in this court. See, e.g., Turner v. Johnson, 177 F.3d 390, 391-92 (5th Cir.1999) (holding that, although equitable tolling can in certain circumstances apply to toll the AEDPA limitation period, it did not apply where petitioner "does not indicate why he waited until March 1998 to pursue federal habeas corpus relief"); Bilodeau v. Angelone, 39 F.Supp.2d 652, 659 (E.D.Va.1999) (declining to enlarge time for filing habeas petition where petitioner "has done nothing to explain to this Court's satisfaction his reason for such an inordinate delay").

The undersigned has reviewed the pleadings and finds that the petitioner has presented no "extraordinary circumstances" that would justify the out-of-time adjudication of his petition. [10] Accordingly, as the petitioner has provided no basis for equitable tolling, it is the recommendation of the undersigned magistrate judge that petitioner's petition for writ of habeas corpus be dismissed as time barred pursuant to 28 U.S.C. § 2254(d).

The attached sheet contains important information regarding objections to the Report and Recommendation.

---

[10] The court's form for a petition for writ of habeas corpus contains the following question: "If your judgment of conviction became final over one year ago, you must explain, in the space provided, why the one-year statute of limitations contained in 28 U.S.C. §2244(d) does not bar your petition." In response, petitioner stated, in full, as follows:

> Petitioner Memorandum, Petitioner filed motion Baldwin County Circuit Court case number CC 1997 000569.00. Filed Motion. The State v.White, Ronnie Joe case of Circuit Reconsidered. Denied 12, 22, 2004. Defendant motion denied notice issued on 1,7, 2005. Judge James H. Reid. Attention of Honorably Clerk. Mr. Ronnie White wife mail $5.00 check of U.S. Southern District Court. Mail of Petition 3, 28, 2005 of exact letter address Mr. White wife mail $5.00 money order.

(Doc. 1 at p. 12)

8

**DONE** this the 18th day of August 2005.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES MAGISTRATE JUDGE**

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.      **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                                **KRISTI K. DuBOSE**
                                                                **UNITED STATES MAGISTRATE JUDGE**